UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIZABETH PENNINGTON,**

        **Plaintiff,**

-vs-                                **Case No. 6:04-cv-1619-Orl-KRS**

**JO ANNE B. BARNHART, UNITED STATES COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause came on for consideration on the Complaint filed by Elizabeth Pennington seeking review of the final decision of the Commissioner of Social Security denying her claim for social security benefits. Doc. No. 1. The Commissioner answered the Complaint and filed a certified copy of the transcript of the proceedings before the Social Security Administration ("SSA"). Doc. No. 14. Pursuant to the consent of the parties, this case has been assigned to me for disposition. Doc. Nos. 12, 13.

**I.    PROCEDURAL HISTORY.**

In January 2002, Pennington filed an application for disability benefits under the Federal Old Age, Survivors and Disability Insurance Program ("OASDI"), 42 U.S.C. § 401, *et seq.*(the "Act"), alleging disability beginning December 13, 2001. R. 75-77. Her claim was denied initially and on reconsideration.

Pennington requested a hearing by an administrative law judge ("ALJ"), R. 61, who held a hearing on February 18, 2004. R. 23-49. Pennington and a vocational expert testified. *Id*.

On June 24, 2004, the ALJ issued a decision denying Pennington's application for benefits. R. 13-22. The ALJ found that Pennington was insured under OASDI through the date of the decision. R. 21. She concluded that Pennington had not engaged in substantial gainful activity since her alleged disability onset date. R. 14.

After a careful review of the evidence, *see* R. 14-19, the ALJ found that Pennington had degenerative joint disease and obesity, which were severe impairments, but which did not meet or equal any impairments listed in the regulations. R. 22. The ALJ concluded that Pennington had the residual functional capacity (RFC) to do the following: occasionally lift up to twenty pounds, and frequently lift up to ten pounds; stand, walk, or sit with normal breaks for up to six hours in an eight-hour workday, with the need to alternate between sitting and standing; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, but never climb ladders, ropes, or scaffolds; and avoid concentrated exposure to machinery, heights, and other work-place hazards. R. 22.

The ALJ considered the requirements of Pennington's past relevant work as a dish/garden worker and as a custodian as described by Pennington. The ALJ also called upon a vocational expert to assess the requirements of Pennington's past relevant work as it was generally performed in the national economy and to opine whether Pennington could return to her past relevant work. Based upon the ALJ's assessment of Pennington's RFC, Pennington's description of her previous work, and the opinion of the VE, the ALJ concluded that Pennington could return to her past relevant work as a dish/garden worker. R. 20. The ALJ also found, in the alternative, that there was other work

Pennington could perform.  R. 21.  Therefore, the ALJ concluded that Pennington was not disabled for purposes of the Act.

Pennington sought review of the ALJ's decision by the Appeals Council, which denied her request for review.  R. 5.  She timely sought review of that decision in this Court.

**II.    JURISDICTION**.

The Commissioner of the SSA issued a final decision after a hearing with respect to Pennington's application for disability benefits under OASDI.  Therefore, the Court has jurisdiction of this matter under 42 U.S.C. § 405(g).

**III.   STATEMENT OF FACTS**.

Because Pennington challenges only the ALJ's conclusion that she could return to her past work as a dish/garden worker in light of her RFC, I will review the evidence only as it relates to the demands of Pennington's work as a dish/garden worker.

In her Work History Report, Pennington wrote that her job as a dish/garden worker she arranged flowers and plants in pots and dishes.  The job required her to stand for six and one-half hours per day, sit for an hour a day, and walk for one-half hour a day.  She was not required to climb, kneel, crouch, crawl or stoop.  She occasionally lifted up to twenty pounds, and frequently lifted ten pounds.  R. 85.

The VE classified Pennington's work as falling within the category of nursery worker, flower cutter under the *Dictionary of Occupational Titles* (DOT). He described this job as light work.[1] R. 40.

The ALJ asked the VE to consider the following:

> [A]ssume I have an individual almost 50 years of age with a high school education and the past relevant work as described by [Pennington]. . . . [I]f the individual could lift 20 pounds occasionally, 10 pounds frequently, sit, stand and walk for six hours of an eight hour day, alternating sitting and standing, . . . could occasionally climb ropes and scaffolds, balance, kneel and crouch[,] [w]ould such an individual be able to perform any of [Pennington's] past relevant work?

R. 40. The VE responded that this hypothetical individual could perform Pennington's past relevant work as a dish/garden worker. *Id.*

The ALJ then asked the VE to consider the following:

> [A]ssume the same individual, same age, same past relevant work and education, she could lift 20 pounds occasionally, 10 pounds frequently, sit, stand and walk for six hours of an eight hour day. Occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch or crawl and to avoid concentrated exposure to hazards such as machinery . . . . Would she be able to perform any of [Pennington's] past relevant work . . . ?

R. 41. The VE responded that this hypothetical individual also could perform Pennington's past relevant work as a dish/garden worker, which he classified as a flower worker or flower cutter. R. 42.

---

[1] Pursuant to 20 C.F.R. § 404.1567(b), light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." The regulation further provides that "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

Finally, the ALJ inquired whether the VE's opinion as to the second hypothetical would change if she added the condition that the hypothetical individual had to alternate between sitting and standing. R. 42. The VE responded that this additional limitation would not change his opinion. *Id.* While the requirement of alternating between sitting and standing would reduce the number of available jobs, the VE opined that there would still be a significant number of such jobs that could accommodate this requirement. R. 43.

### IV.    STANDARD OF REVIEW.

To be entitled to Social Security disability benefits under OASDI, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" under the terms of the Act is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). In a case seeking disability benefits under OASDI, the claimant also must show that he or she became disabled before his or her insured status expired in order to be entitled to disability benefits. 42 U.S.C. § 423(c)(1); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979).

Pursuant to 42 U.S.C. § 405(a), the SSA has promulgated a five-step inquiry which must be followed in determining whether a claimant is entitled to benefits. In sum, an ALJ must apply the following criteria, in sequence:

>   (1) Is the claimant presently unemployed?
>
>   (2) Is the claimant's impairment severe?

>    (3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
>
>    (4) Is the claimant unable to perform his or her former occupation?
>
>    (5) Is the claimant unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a)(4). An affirmative answer to any of the above questions leads to either the next question, or, on steps three and five, to a finding of disability. A negative answer leads to a finding of "not disabled." *See, e.g., McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1987) (per curiam).

This Court's review of a final decision by the SSA is limited to determining whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walden v. Schweiker*, 672 F.2d 835, 838-39 (11th Cir. 1982)(internal quotations omitted).

The court "'must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision.'" *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987)(quoting *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). Even if the court finds that the evidence weighs against the SSA's decision, the court must affirm if the decision is supported by substantial evidence even if the proof preponderates against it. *Dyer*, 395 F.3d at 1210. The court may not reweigh the evidence or substitute its own judgment, even if the court finds that the weight of the

evidence is against the SSA's decision. *Id.* While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988).

**V.   ANALYSIS.**

Pennington raises only two issues on appeal. First, that the ALJ improperly delegated the decision whether she could return to her past relevant work to the VE. Second, that the hypothetical questions posed to the VE were inadequate. These are the only issues I will address.[2]

Pennington relied upon *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996), in support of her argument that the practice of delegating to a VE many of the ALJ's fact-finding responsibilities at step four is improper. This opinion is not binding in this circuit, and there is no indication that the Supreme Court or the United States Court of Appeals for the Eleventh Circuit has followed the rationale in *Winfrey*. *See Hennes v. Comm'r*, 130 Fed. Appx. 343, 346 (11th Cir. 2005)(finding that the ALJ did not err in considering the testimony of a VE in determining whether the claimant could perform her past relevant work). Moreover, the regulations specifically permit the ALJ to consider VE testimony in making a determination at step four of the social security disability evaluation. 20 C.F.R. § 404.1560(b)(2).

The record also does not support the conclusion that the ALJ blindly delegated to the VE the decision whether Pennington could return to her past relevant work. The ALJ's decision reflects that she made a careful review of the evidence and reached a conclusion about the severity of Pennington's impairments. She posed alternative hypothetical questions to the VE to obtain his view

---

[2] The parties were advised that any issues not specifically raised in their memoranda of law would be waived. Doc. No. 15 at 2.

regarding the impact of various functional limitations on Pennington's ability to work. She reached a conclusion about Pennington's RFC. Based on that conclusion, she applied the information provided by the VE and other information in the record to reach the conclusion that Pennington could perform the duties of a dish/garden worker. Accordingly, I conclude that Pennington's first argument is unavailing.

Pennington's second argument is that the ALJ improperly excluded the requirement that the individual could only occasionally balance from the second hypothetical question posed to the VE. The omission of this limitation from the second hypothetical is harmless, because the ALJ included the limitation of only occasional ability to balance in the first hypothetical question. The VE opined that even with this limitation, the hypothetical individual could perform Pennington's past relevant work as a dish/garden worker, otherwise classified as a flower worker or flower cutter. Accordingly, the ALJ did not err by posing incomplete hypothetical questions to the VE.

## VI. CONCLUSION.

For the foregoing reasons, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to issue a judgment affirming the decision of the Commissioner, and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record